1  JOHN B. HALLBAUER State Bar No. 53683
   MARK H. LIPTON State Bar No. 51010
2  Lipton ▪ Hallbauer
   A Professional Law Association
3  1810 N. California Blvd.
   Walnut Creek, CA 94596
4  (925) 937-9660

5  Attorneys for Plaintiffs

6

7                 IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 CHUCK CAKE and FRAN                Case No. Civ S-00-1696 MCE KJM
   MCDERMOTT, Trustees of
11 the SHASTA BUTTE ELECTRICAL        STIPULATION RE: PROPOSED
   TRUST; SHASTA BUTTE ELECTRICAL     SETTLEMENT AND CONTINUANCE
12 WORKERS PENSION FUND TRUST,        TRIAL DATE; ORDER

13               Plaintiffs,
         vs.
14
   DWIGHT T. EVANS, MONZIGO,
15 LEROY LEVETTE, NORMA R.
   COMNICK, JOHN K. NEISWANGER,
16 ROBERT N.WAGNER, SR.
                 Defendants,
17 _____/

18      The parties hereto, the pension trust through its current trustees, Fran McDermott and

19 A.C. Steelman, and the defendants, Dwight Evans et al., hereby agree to continue the trial

20 currently set for June 22, 2005 for a period of not less than 90 days during which time the

21 parties will engage in further settlement negotiations. Good cause exists for this brief

22 continuance because the parties have reached a tentative settlement, whose framework requires

23 additional time.

24      Specifically, Plaintiffs, McDermott and Steelman, as trustees of the pension plan have

25 engaged the professionals of the plan to consider its overall funding deficiency. Because of

26 rising interest rates the amount of underfunding fluctuates and is decreasing slowly.

27 Information has been obtained from the plan actuary, plan attorney, plan accountant, Pension

28 Benefit Guarantee Corporation, Department of Labor and Internal Revenue Service in regards

                                    1

1  to the approach that might be taken to fund the plan without accruing additional benefit
2  liability.  In that regard, discussions have begun with parties in interest including the parent
3  union, IBEW local 340, and will be conducted with the plan participants in Redding, the
4  contributing employers who might otherwise have withdraw liability, and even noncontributing
5  employers who have an interest in seeing that the plan is ultimately funded and all benefits are
6  paid.  If an agreement is reached to fund the pension plan, plaintiffs will dismiss instant action,
7  and dependents will agree not to pursue outstanding past attorneys fees and costs from the
8  pension plan.[1]

9  In the event an agreement is not reached and the pension plan remains underfunded, the
10 instant action will proceed and plaintiffs agree to pay all past reasonable attorney fees and costs
11 incurred in defending this matter and pay as incurred all future reasonable attorney fees and
12 costs in this matter from trust assets.

13 Under the current circumstances it would be a waste of the trust's limited resources for
14 either side to prepare for trial if settlement can be reached.  For that reason the parties request
15 the case be continued.

16 Dated: 4/29/05                     /S/ Mark Lipton
17                                    MARK H. LIPTON
                                      **LIPTON & HALLBAUER**
18                                    For Plaintiffs

19
20 Dated: 4/29/05                     /S/ Joseph McMonigle
                                      JOSEPH McMONIGLE
21                                    **LONG & LEAVIT  LLP**
                                      For Defendants

---

[1] A recent ruling in the related case of *Evans v. Cake* indicates the pension plan may have an obligation to defend defendants in the instant action and reimburse defendants for past attorneys fees and costs.

1 **UPON GOOD CAUSE APPEARING IT IS SO ORDERED.**

2 The bench trial date of June 22, 2005 is vacated and reset for February 1, 2006 at 9:00 a.m.

3 Dated: May 10, 2005

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE